```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

```
UNITED STATES OF AMERICA,        )
                                 )
          v.                     ) CAUSE NO. 2:05 CR 139
                                 )
THOMAS PRIETO                    )
FERNANDO SANZ                    )
```

OPINION AND ORDER

The defendants currently are charged with possession with intent to distribute a controlled substance in violation of 21 U.S.C. ß841(a)(1).  The charges are based upon a search of the defendants' vehicle after a traffic stop.  According to the arresting officers, the defendants consented to a search of their vehicle.

The defendants are Hispanic, and the conversation leading up to the alleged consent was in Spanish.  It occurred in the patrol car and was recorded.

On September 6, 2005, the defendants stipulated to detention.  Several telephone calls from the jail have been recorded, and these telephone calls also are in Spanish.

The attorneys appeared for a final pretrial conference on June 15, 2006.  At that time, this matter was set for trial on June 26, 2006.  As part of the discovery required by Federal Rule of Criminal Procedure 16, the government had provided the defendants' attorneys with transcripts of the conversation in the squad car and of some of the telephone calls made from the jail.  A case agent translated the conversations from Spanish to English.

The defendants' attorneys also had obtained a translation of the conversations in question.  The transcript obtained by the defendants differed from the translation made by the case agent. In particular, the defendants' translation of the conversation in the squad car did not include a consent to search the vehicle.

In an effort to resolve the problem with the conflicting translations, this court entered an order on June 27, 2006, appointing the Abe Gomez Interpreting Service to provide translations for the relevant conversations.  The jury trial then was continued until October 16, 2006.

Because a translation was not provided in a timely fashion, the October 16 trial date was continued until December 12, 2006. Once again, no translation was provided, and the trial was continued until January 22, 2007.

On January 5, 2007, a transcript of the translations was filed by the Gomez firm.  A bill in the amount of $17,772.05 also was submitted for the translation services.

The attorneys appeared for another pretrial conference on January 5, 2007.  Because the attorneys had not had the opportunity to review the Gomez translation in detail, the pretrial conference was continued until January 18, 2007.

After reviewing the Gomez translation, both the attorney for the government and the attorneys for the defendants indicated that it was inaccurate and substantially different than the translations which they previously had obtained.  The attorneys

2

also stipulated that the transcript should not be used in any court proceeding.

Pursuant to the *Guide to Judicial Policies and Procedures*, Vol. 7, Chapter III, Pt. A, ß3.02, this court can compensate an expert witness in the amount of $1,600.00.  Any compensation exceeding that amount must be approved by the Chief Judge of the Seventh Circuit.  In order to obtain the added compensation, this court must certify that the services were necessary and that the costs were reasonable.

The Gomez firm took over six months to translate several short conversations.  This delay required the trial to be continued on three separate occasions.  The resulting translation was so defective that the attorneys stipulated that it would not be used in any court proceedings.  Under all of the circumstances, this court cannot certify to the Chief Judge that any bill in excess of $1,600.00 should be paid.

Accordingly, the bill submitted by the Abe Gomez Interpreting Service is ORDERED PAID only in the amount of $1,600.00.

ENTERED this 24th day of January, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge

3