UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS PRIETO, ) | |
| ) | |
| Movant, ) | Cause No. 2:16CV132-PPS |
| v. ) | |
| ) | Arising from 2:05CR139-PPS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On June 6, 2007, a jury found Thomas Prieto guilty of possessing more than 500 grams of methamphetamine with intent to distribute. [Cause No. 2:05CR139, DE 94.] On September 26, 2007, I sentenced Prieto to a prison term of 235 months. [DE 112.] Last spring, after I granted his motion for a resentencing under 18 U.S.C. §3582(c)(2), Prieto's sentence was reduced to a term of 188 months. [DE 159, 160.] Now Prieto is back with a motion to vacate, set aside or correct sentence filed under 28 U.S.C. §2255 in which he seeks an additional reduction of his imprisonment to 182 months. [DE 169]. Prieto now argues that because his status as a deportable alien precludes a halfway house placement for the last 6 months of his prison term, he should be granted a further 6-month reduction of imprisonment to address that disparity as compared to prisoners who are U.S. citizens.

Aside from the dubious merits of Prieto's argument for relief, he faces an insurmountable jurisdictional hurdle. He previously filed a §2255 motion, and this second one cannot proceed without the permission of the Court of Appeals, which

Prieto has not sought or obtained. Prieto filed his first §2255 motion on November 30, 2011. [DE 135.] The motion was denied in my opinion and order of January 3, 2012. [DE 136.] The applicable statute provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A).

In his reply, Prieto argues that there is "no wording in 3582 that bars a second motion under 3582." [DE 176 at 1.] Although this is true, Prieto's motion is not brought under 18 U.S.C. §3582, nor could it be. The provision within §3582(c) for modification of sentences previously imposed is very narrow. Generally §3582(c) provides that "[t]he court may not modify a term of imprisonment once it has been imposed." Specific exceptions are enumerated, none of which applies to Prieto's motion. Without the Seventh Circuit's approval, Prieto cannot bring the instant motion, which I must deny.

**ACCORDINGLY:**

Thomas Prieto's second Motion to Correct Sentence Pursuant to 28 U.S.C. §2255 [DE 169] is DENIED for lack of authorization by the Court of Appeals, as required by §2244(b)(3)(A).

**SO ORDERED**.

ENTERED: October 3, 2016.

                                         /s/ Philip P. Simon
                                         PHILIP P. SIMON, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT